## Case No. 379.

ANDREWS et al. v. SPEAR. SAME v. BASSETT. SAME v. CASE. SAME v. KELLY. SAME v. NICHOLS. SAME v. PLATT. SAME v. PRATT. SAME v. PRAY. SAME v. SNYDER.

[4 Dill. 470;[1] 2 Ban. & A. 602; 1 N. W. (O. S.) 77.]

Circuit Court, D. Minnesota. April, 1877.

PRACTICE—TEST CASE—CONSIDERATION OF CAUSES.

Where a number of suits of like nature, and involving the same issues, are pending at the same time, the court may, in its discretion, order that one case be tried and determined as a test case for all, or that the several causes be consolidated and tried together. This rule applies as well to cases in equity as at law.

[Cited in Mutual Life Ins. Co. v. Hillmon, 145 U. S. 293, 12 Sup. Ct. 912.]

Application is made to the court, and affidavits presented by the solicitors for the several defendants, who, to avoid costs and unnecessary expense, ask that these suits, which involve the same issues, and depend upon the same testimony, be consolidated, or one of them be selected as a test case, and proceedings in all others be stayed until such test case is determined; or that the court order that the testimony shall be taken in one case, to be selected by the complainants, and that such testimony be read in every case, or for such other relief as may be just.

John Y. Page, for plaintiffs.
Davis, O'Brien & Wilson, for defendants.

NELSON, District Judge. These suits were brought to test the validity of a patent for an alleged new and useful improvement in wells—commonly known as the "drive well" —for damages for its infringement, and to restrain the defendants from further manufacture and use. The bill of complaint in some of the cases alleges the manufacture of the drive wells, and in others the use. Issue has been joined in all the cases. The same solicitors appear for all the defendants, and agree to enter a stipulation in writing that judgment may be entered in all the cases if the final decision in one shall be in favor of the complainants. It is admitted that one case of each class, when decided, will dispose of all the others of the same class, and that the testimony relating to the issues in one suit of a class will apply to all of the same class.

In view of these admissions and proposed

[1][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

stipulation, it would be manifestly unjust for the court to compel each defendant to incur the expense of preparing for hearing and argument if it can be avoided. It is not unusual in actions at law, and the reasoning applies equally to equity cases, to grant such applications. The plaintiffs are not injured thereby, but rather benefitted, for they are relieved from the trouble and expense of preparing numerous causes for hearing, where only the same questions are involved. The court can interpose a check to the argument of a multiplicity of these issues, irrespective of any concessions made by the parties, with a view to prevent useless waste of time and expense, and this application is within the spirit, if not within the letter, of section 921 of the Revised Statutes of the United States: "Sec. 921. When causes of a like nature, or relating to the same question, are pending before a court of the United States, or of any territory, the court may make such orders and rules, concerning proceedings therein, as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

When the solicitors for the defendants sign and file in court consent that judgment may abide the event of a trial in one case of each class, the following order may be entered: "That all the causes of each class abide the event and final determination of the one of that class which the plaintiffs may elect to prepare the evidence in, and set down for hearing and argument, and that whatever decree may be finally rendered in the cause set down for hearing shall be entered in all the causes of that class, and either party shall be at liberty to have the records therein made and entered accordingly, unless, upon proper showing, additional and lately discovered evidence, relevant to the issues, which could not be procured and submitted in time, should· be brought forward, and a rehearing asked and granted for that reason.

Ordered accordingly.